## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA SIMMONS, et al., | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-607-M |
| | ) | |
| OKLAHOMA HEART HOSPITAL | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## THE PARTIES' JOINT MOTION TO APPROVE
## FLSA COLLECTIVE ACTION SETTLEMENT

D. Colby Addison, OBA #32718
Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Tel: 405.703.4567
Fax: 405.703.4067
colby@lhllaw.com
chris@lhllaw.com


Kevin J. Dolley, MO #54132
LAW OFFICES OF KEVIN J. DOLLEY
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Tel: 314.645.4100
Fax: 314.736.6216
kevin@dolleylaw.com

**ATTORNEYS FOR PLAINTIFFS**

November 9, 2018

Paul A. Ross, OBA #19699
Kristin M. Simpsen, OBA #22302
Elizabeth Bowersox, OBA #30494
McAfee & Taft, P.C.
10th Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Tel: 405.235.9621
Fax: 405.235.0439
paul.ross@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
elizabeth.bowersox@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**

## INTRODUCTION

Plaintiffs[1] alleged in their Verified Complaint that they worked as medical transcriptionists for Defendants Oklahoma Heart Hospital, LLC ("OHH") and OHH Physicians, LLC ("OHHP") (collectively, "Defendants"). Plaintiffs claimed Defendants failed to pay them overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendants deny any liability or wrongdoing.

Despite contentious litigation and disagreement between the Parties[2] regarding the merits of their respective claims and defenses, the Parties engaged in good-faith, arms'-length negotiations over the course of several months regarding the possibility of a fair and reasonable resolution. In September 2018, those efforts culminated in memorialization of the contemporaneously-filed Settlement Agreement. [Exhibit 1—Settlement Agreement, filed under seal]. Defendants separately moved the Court for permission to file the Settlement Agreement under seal. Pursuant to the terms of the Settlement Agreement, Plaintiffs did not oppose Defendants' request to file the Settlement Agreement under seal. The Court granted Defendants' request to file the Settlement Agreement under seal. [Doc. 56]. Accordingly, the publicly filed version of this brief has been redacted, and a copy of the un-redacted version will be submitted to the Court pursuant to the Court's Local Rules.

The Settlement Agreement provides Defendants shall pay ███████████████

---

[1] "Plaintiffs" refers collectively to named Plaintiffs Brenda Simmons ("Simmons"), Kimberly McKinzie ("McKinzie"), and Rebecca Parker ("Parker"), as well as opt-in Plaintiffs Romona Jacobs ("Jacobs"), Debra Lehrter-Sehorn ("Lehrter-Sehorn"), Aimee Bowen ("Bowen"), Eugenia Beal ("Beal"), and Cara Pope ("Pope").

[2] "Parties" collectively refers to Plaintiffs and Defendants.

1

██████████████████████ to resolve Plaintiffs' FLSA claims.  This amount is designed to cover unpaid overtime wages and liquidated/statutory damages available under the FLSA, as well as the Plaintiffs' attorneys' fees and costs.  All costs, fees, and expenses associated with the litigation and settlement administration are intended to be covered by the Settlement and no further payment beyond the Settlement will be owed to Plaintiffs or their counsel.  The value of the settlement is based upon review and analysis of Defendants' wage and hour records, policy documents, and internal records, as well as detailed investigation conducted in conjunction with each of the Plaintiffs.

The Settlement Agreement provides that ████████ will be apportioned to Plaintiffs in specific amounts proportional to their estimated damages.  These amounts meet Plaintiffs' counsel's estimated total calculation of Plaintiffs' "best day recovery" in Court such that Plaintiffs are recovering 100% of their alleged estimated back pay and a substantial portion of available liquidated damages.

For settlement allocation purposes, Plaintiffs' counsel calculated unpaid overtime damages for each Plaintiff using a formula weighing three factors reasonably estimating the number of hours worked by each Plaintiff during the statutory period: (1) the quantity of lines produced by each Plaintiff in excess of 6,000 per week; (2) the quantity of lines produced by each Plaintiff in the range of 5,000 to 6,000 lines per week; and (3) the number of hours each Plaintiff estimated she worked on average in excess of forty (40) per workweek, including but not limited to time spent performing non-productive tasks (*e.g.*, retrieving patients' medical records; verifying the accuracy of patients' pedigree information;

communicating with colleagues by telephone, email, and text message; researching medical terminology; picking up medical records; and communicating with technical support to troubleshoot technical problems). Factor one accounted for fifty percent of the weight of each Plaintiff's recovery, while factors two and three each accounted for twenty-five percent. The Settlement Agreement further provides Defendants shall pay the entirety of the ████████ to Plaintiffs no later than thirty days following a Final Approval Order by this Court. Fifty (50%) percent of each Plaintiff's settlement share will be treated as back wages, which will be reported on IRS Form W-2, and will be subject to withholding taxes. The remaining fifty (50%) percent of each settlement share will be treated as non-wage interest and/or damages or liquidated damages, which will be reported on an IRS Form 1099, and will not be subject to withholding taxes. Defendants shall be responsible for paying the employer's share of payroll taxes. Defendants will effectuate federal and applicable state income and other employment tax withholding as required by law with respect to that 50%, and Defendants will pay all required withholding taxes and other payroll taxes (including unemployment insurance taxes) to the appropriate governmental authorities.

In exchange for the Plaintiffs' apportioned amount of the settlement recovery, Plaintiffs have agreed, *inter alia*, to release Defendants from claims that are, could have been, or were asserted in this lawsuit or that arise out of the facts alleged in the lawsuit. [Ex. 1, p. 3].[3]

---

[3] Exhibit C to Exhibit 1 contains provisions that pertain solely to Simmons and are unrelated to approval of FLSA settlement terms.

The Settlement Agreement also provides Plaintiffs' counsel shall, subject to Court approval, receive attorneys' fees and costs in the amount of ███████. *See* Exhibit 1. Pursuant to the terms of the Settlement Agreement, Plaintiffs contemporaneously file a separate Motion to Approve Attorneys' Fees and Litigation Expenses.

Accordingly, the Parties respectfully request the Court approve the FLSA settlement as a fair and reasonable resolution of a bona fide dispute between the Parties.

## DISCUSSION

Settlement of an FLSA collective action generally requires court approval because private agreements may not effectuate a valid release for the employer. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982); *see also Barrentine v. Arkansas–Best Freight Sys.,* 450 U.S. 728, 740 (1981).[4] A court reviews a proposed FLSA settlement for fairness. *Lynn's*, 679 F.2d at 1353; *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015).

Public policy encourages settlement of FLSA litigation. *Lynn's*, 679 F.2d at 1354; *Gambrell v. Weber Carpet, Inc.*, No. 10-2131, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012). Judicial review of FLSA settlements serves to guard against "employer overreaching" considering the unequal bargaining power between an employer and an employee. *See Schneider v. Habitat for Humanity Intern., Inc.*, No. 5:14-cv-5230, 2015 WL 500835, at *1 (W.D. Ark. Feb. 5, 2015); *see also Lynn's*, 679 F.2d at 1352 ("Recognizing

---

[4] An open question appears to exist in the Tenth Circuit regarding whether the Court must approve settlements of FLSA claims. *See Arnold v. Navika Capital Group, LLC*, No. 14-CV-378, 2016 WL 8198319, at *1 (N.D. Okla. May 20, 2016).

4

that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory….").

## I.    The Settlement Agreement Resulted From Contested Litigation And Represents A Fair And Reasonable Resolution Of *Bona Fide* Disputes Between The Parties As To FLSA Liability And Damages.

To ensure fairness, settlement must result from contested litigation and represent "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *Lewis v. GEO Group, Inc.*, No. CIV-08-881-M, 2011 WL 13176819, at *1-2 (W.D. Okla. June 14, 2011).

An FLSA collective action is not a class action—individuals participating affirmatively choose to be bound and represented by counsel, and no absent, un-consenting class members' claims are being settled. *See Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). The due process concerns in the class action context requiring a higher level of judicial scrutiny are not present in the FLSA collective action context because absent class members are not bound by the outcome. *See, e.g., Davenport v. Charter Comm., LLC*, No. 4:12-cv-00007, 2015 WL 164001, at *5-6 (E.D. Mo. Jan. 13, 2015). Further, in this particular case, each individual Plaintiff reviewed the Settlement Agreement with counsel and had the opportunity to ask questions and address any issues or concerns.[5] The Court's gatekeeper function of ensuring fairness to absent class members does not appear to be as predominating of a concern under these circumstances. Each of the Plaintiffs has been an

---

[5] Each individual Plaintiff worked as a medical transcriptionist, performed the same primary duties transcribing medical reports, and was compensated per line produced.  [ECF No. 1, ¶¶ 18-20, 23, 25; ECF No. 22, ¶¶ 18-20, 23, 25; ECF No. 23, ¶¶ 18-20, 23, 25].

active participant in the litigation and directly involved with counsel in the litigation and settlement efforts. Each Plaintiff is extremely pleased and complimentary toward counsel in the results achieved and counsel provided during the litigation.

### A. The Settlement Agreement Resolves Several *Bona Fide* Disputes Between The Parties.

The record before the Court demonstrates the existence of *bona fide* disputes between the Parties. Courts may consider the following in determining whether a *bona fide* dispute exists: "(1) a description of the nature of the dispute; (2) a description of the employer's business and type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each parties' estimate of the number of hours worked, and the applicable wage." *Koehler v. Freightquote.com, Inc.*, No. 12-2505, 2016 WL 1403730, at *6 (D. Kan. April 11, 2016).

Here, the instant lawsuit involved contentious litigation regarding a litany of issues. *See, e.g.,* ECF No. 44, pp. 6-9; *cf.* ECF No. 1 *with* ECF Nos. 22-23]. Defendants maintain they acted in good faith at all relevant times and properly paid Plaintiffs for all work performed. [ECF Nos. 22-23]; *see also* 29 C.F.R. § 778.111. In particular, Defendants deny: (1) owing unpaid overtime wages to Plaintiffs; (2) willfully violating the FLSA; (3) the propriety of collective action treatment; (4) OHHP employed Plaintiffs; (5) knowing Plaintiffs worked overtime based on a policy equating transcribed lines to hours worked; (6) requiring Plaintiffs to perform other transcription-related work for which they did not receive

pay; and (7) failing to maintain accurate records of hours worked by Plaintiffs (number of overtime hours worked). [*Id*.].  Thus, Defendants denies Plaintiffs' allegations in their respective complaints, and Plaintiffs disagree with Defendants' defenses.

If Plaintiffs prevailed on liability, Defendants would be faced with the prospect of a substantial monetary verdict, as well as an obligation to pay legal fees and costs incurred by Plaintiffs to prosecute the case through trial and, possibly, appeals.  Should Defendants have prevailed, then Plaintiffs would have obtained no recovery. The Parties acknowledge that their claims and defenses pose risks, which informed, in part, their decision to resolve the bona fide disputes between them through settlement.  The Settlement Agreement facilitates a compromise in the face of these *bona fide* disputes.

### B.    The Settlement Agreement Is Fair And Reasonable.

The Settlement Agreement is fair and reasonable because: (1) it secures substantial and immediate relief to Plaintiffs on disputed claims in contentious litigation; (2) expensive and prolonged litigation would inexorably result but for settlement; and (3) it resulted from arms'-length negotiations between experienced wage and hour counsel.

In evaluating the fairness and reasonableness of a settlement, courts may consider many factors, including but not limited to: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of

the settlement in relation to the potential recover." *Moore v. Ackerman Inv. Co.*, No. C 07-3058, 2009 WL 2848858, at \*2 (N.D. Iowa Sept. 1, 2009).

          **1.**      **The Settlement Agreement Secures Substantial And Immediate Relief On Disputed Claims.**

The Settlement Agreement secures substantial and immediate relief for the Parties in a fair and reasonable manner. In particular, the Settlement Agreement allocates payments to Plaintiffs in a manner meeting Plaintiffs' own reasonable estimates of their damages based on discovery to date such that Plaintiffs are recovering 100% of their alleged estimated back pay and a substantial portion of available liquidated damages. The Parties arrived at reasonable estimates of Plaintiffs' damages based on not only an objective review and analysis of Defendants' weekly wage and hour records for Plaintiffs but also in light of detailed review of Defendants' document production. The settlement also accounts for Defendants' own internal policy documents equating lines transcribed to hours worked (*e.g.*, 6,000 lines equals 40 hours worked) and estimates of total hours worked provided by each Plaintiff during discovery.

In sum, the allocated amounts in the Settlement Agreement meet the individual-specific damage estimates based both on Defendants' records and Plaintiffs' own testimony. The allocations are fair and reasonable, securing substantial relief for each Plaintiff above and beyond what is normally obtained per individual plaintiff in wage and hour litigation. These considerations weigh heavily in favor of settlement approval.

**2.    Expensive And Prolonged Litigation Would Inexorably Have Continued Had Settlement Not Been Achieved.**

The substantial relief secured by the Settlement Agreement will inure to the benefit of the Parties in a timely and immediate fashion, without the need for further litigation, delay, risk and expense.  The Settlement Agreement provides Defendants shall pay Plaintiffs all amounts stated therein within thirty (30) days of the Court's Final Approval Order and Plaintiffs shall dismiss this action with prejudice.

The procedural history and posture of this case militate strongly in favor of settlement approval.  The Parties have already exchanged substantial written discovery, which includes the production of over 100,000 pages of records by Defendants. Extensive disputes regarding the proper nature and scope of discovery on Plaintiffs' FLSA claims have resulted in significant further discovery and motion practice. [ECF Nos. 42, 44, 45, 47, 49, 50].  These ongoing disputes have already necessitated changes to the original Scheduling Order. [ECF Nos. 51-52].  Even assuming *arguendo* no further disputes and/or delays occurred in this litigation (which, based on the case history, would have been unlikely), trial in this matter would not occur earlier than May 2019 under the current scheduling order.  Appeals would likely follow and delay final resolution.  Continued litigation (and appeals) impose burdens on the Court.

The Parties face uncertainty and risk with ongoing litigation, both in terms of expense and merits-based issues.  Both Parties have expended significant time and effort litigating this case to date.  Such time and expense for both Parties will only increase absent resolution.  The Settlement Agreement, however, circumvents the time and expense associated with such

9

disputes, delay, burdens, and risks, while doing so in a fair and reasonable fashion for all Parties: it concomitantly ensures substantial and immediate relief to Plaintiffs, resolves contentious litigation, and preserves judicial resources.

### 3. The Settlement Agreement Resulted From Arms'-Length Negotiations Between Experienced Wage And Hour Counsel.

The specific terms and conditions of the Settlement Agreement resulted only after extensive negotiations between experienced wage and hour counsel. The Parties engaged in back-and-forth settlement communications going back as far as six months prior to memorialization of the Settlement Agreement. The Parties exchanged multiple demands, offers, and counteroffers, and negotiated all of the specific terms and conditions of the Settlement Agreement. During this settlement negotiation process, the Parties further disputed the propriety of a stay on discovery, which Defendants requested and Plaintiffs opposed. Beyond the lengthy settlement negotiations, the procedural history of this case negates any inference of collusion between the Parties.

Counsel for both Parties have extensive experience in wage and hour disputes and believe the Settlement Agreement is fair and reasonable. "Although the Court is not bound by counsel's opinion, the opinion is nevertheless entitled to considerable weight." *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F. Supp. 1329, 1335 (E.D. Mo. 1995). Plaintiffs' counsel routinely handles complex wage and hour disputes on behalf of individuals and groups of employees nationwide. [*See* Declaration of Kevin J. Dolley, attached to Plaintiffs' Motion to Approve Attorneys' Fees ("Dolley Declaration"); Declaration of Chris Hammons ("Hammons Declaration"); Declaration of D. Colby Addison, attached to Plaintiffs' Motion

to Approve Attorneys' Fees ("Addison Declaration")]. Plaintiffs' lead co-counsel, Kevin J. Dolley ("Dolley") of the Law Offices of Kevin J. Dolley, LLC, has over sixteen years of experience and, through his firm, has successfully prosecuted many class and collective-action wage and hour cases through judgment and settlement. [*See* Dolley Declaration].

Plaintiffs' co-counsel, D. Colby Addison ("Addison") of Laird, Hammons, Laird, PLLC, and Chris Hammons ("Hammons") have a combined experience of over twelve (12) years of experience practicing in the State of Oklahoma and has also successfully pursued many wage and hour cases on behalf of individuals and groups of similarly situated employees. [*See* Addison Declaration]. Based on their knowledge of and involvement in this case, Dolley, Hammons, and Addison believe the Settlement Agreement represents a fair and reasonable resolution of Plaintiffs' claims. [*See* Dolley, Hammons, and Addison Declarations].

Similarly, Defendants' counsel has significant experience representing entities and individuals in wage and hour disputes. Defendants' lead counsel, Paul Ross ("Ross") of McAfee & Taft A Professional Corporation, has over sixteen years of experience and serves as the leader of his firm's Labor and Employment Group. Defendants' counsel believes the Settlement Agreement is a fair and reasonable compromise of the Parties' disputes.

The Parties themselves also agree that the settlement is fair and reasonable. The Settlement Agreement was signed by the three named Plaintiffs, and all named Plaintiffs and Opt-In Plaintiffs signed a Release of Claims accepting the settlement terms. (*See* Ex. 1.) This supports that the parties agree the settlement is fair and reasonable.

In sum, for the reasons set forth herein, the Parties respectfully submit all relevant factors support final approval of the Settlement Agreement.

## CONCLUSION

WHEREFORE the Parties respectfully request this Court grant their Joint Motion to Approve FLSA Collective Action Settlement, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

*/s/Kristin M. Simpsen*
Paul A. Ross, OBA #19699
Kristin M. Simpsen, OBA #22302
Elizabeth Bowersox, OBA #30494
McAfee & Taft
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
paul.ross@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
elizabeth.bowersox@mcafeetaft.com

**ATTORNEYS FOR THE DEFENDANTS**

*/s/Colby Addison*
*(Signed by Kristin Simpsen with permission)*
D. Colby Addison
Chris Hammons
Laird Hammons Laird, PLLC
1332 SW 89th St.
Oklahoma City, OK 73159
colby@lhllaw.com

*/s/ Kevin Dooley*
*(Signed by Kristin Simpsen with permission)*
Kevin J. Dolley
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
kevin@dolleylaw.com

**ATTORNEY FOR PLAINTIFFS**

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

D. Colby Addison, OBA #32718
Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Tel: 405.703.4567
Fax: 405.703.4067
colby@lhllaw.com
chris@lhllaw.com

Kevin J. Dolley, MO #54132
LAW OFFICES OF KEVIN J. DOLLEY
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Tel: 314.645.4100
Fax:  314.736.6216
kevin@dolleylaw.com

**ATTORNEY FOR PLAINTIFFS**

*/s/Kristin M. Simpsen*
Kristin M. Simpsen